UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff /<br>　　　　　Counter-Defendant,<br><br>　v.<br><br>THE BOEING COMPANY,<br><br>　　　　　Defendant /<br><br>　　　　　Counter-Claimant. | CASE NO. C22-0485JLR<br><br>ORDER |

## I.　　INTRODUCTION

　　Before the court is Plaintiff/Counter-Defendant the United States of America's (the "Government") motion to phase proceedings. (Mot. (Dkt. # 61); Reply (Dkt. # 63).) Defendant/Counter-Claimant the Boeing Company ("Boeing") opposes the motion. (Resp. (Dkt. # 62).) The court has reviewed the parties' submissions, the relevant

ORDER - 1

portions of the record, and applicable law. Being fully advised,[1] the court GRANTS in part the Government's motion.

## II. BACKGROUND

This is an action by the Government under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") against Boeing for costs incurred in responding to contamination allegedly caused by Boeing's predecessor.[2] (*See* Compl. (Dkt. # 1) ¶ 1, *id.* ¶¶ 15-16 (alleging that a company Boeing later acquired caused environmental contamination at a rocket manufacturing site); *see also* 4/25/23 Order (Dkt. # 44) at 2-5 (discussing factual background)[3].) Below, the court reviews the relevant statutory background before turning to the factual and procedural background pertinent to the Government's motion.

### A. Statutory Background

CERCLA authorizes lawsuits by parties who incurred costs in cleaning up hazardous waste sites to recover some or all of those costs against other "responsible parties." *See* 42 U.S.C. § 9607(a). After a site has been cleaned up, a responsible party may seek contribution, which is "a tool for apportioning the burdens of a predicate

---

[1] Neither party requests oral argument (*see* Mot.; Resp.), and the court concludes that oral argument would not be helpful to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

[2] Boeing stipulates that it is the successor to the CERCLA liabilities of its predecessor, if any. (*See* 7/21/23 JSR (Dkt. # 52) at 5.)

[3] Because the court already detailed the factual background in its order denying Boeing's motion to dismiss, here, the court repeats only background relevant to the instant motion. (*See* 4/25/23 Order at 2-5.)

'common liability' among the responsible parties." *Territory of Guam v. United States*, --- U.S. ---, 141 S. Ct. 1608, 1612-13 (2021); 42 U.S.C. § 9613(f)(1).  To establish Boeing's liability for response costs under CERCLA, the Government must prove four elements:  (1) Boeing is a covered, or potentially responsible party; (2) there was a "release, or a threatened release" of hazardous substances at the site where Boeing's predecessor operated; (3) the release caused the Government to incur response costs; and (4) the costs were necessary under the National Contingency Plan.  42 U.S.C. § 9607(a), (a)(4); *see also* 40 C.F.R. § 300.1, *et seq*. (discussing the National Contingency Plan).  Thus, § 9607 governs liability under CERCLA, and § 9613 governs damages.  *See id*. §§ 9607(a), 9613(f)(1).  If Boeing is not a covered party under § 9607(a), then the court need not apportion damages under § 9613.  *See Pinal Creek Grp. v. Newmont Mining Corp.*, 218 F.R.D. 652, 656 (D. Ariz. 2003).  If Boeing is a covered party, then the court must use equitable factors to allocate the costs between Boeing and the Government.  *See* 42 U.S.C. § 9613(f)(1); *see also ASARCO LLC v. Atl. Richfield Co., LLC*, 975 F.3d 859, 868-69 & n.7 (9th Cir. 2020) (discussing and listing the "Gore factors" used to allocate response costs in contribution action under CERCLA).

**B.    Factual and Procedural Background**

In this action, the Government seeks to recover costs incurred in response to environmental contamination allegedly caused by a company Boeing acquired and whose liabilities Boeing assumed.  (Compl. ¶¶ 1, 34-38.)  According to the Government, Boeing is liable under CERCLA as "an operator" of the contaminated site.  (*Id*. ¶ 38.)  The Government further seeks declaratory relief as to Boeing's liability for any future

response costs. (*Id.* ¶ 40.) The Government stipulates that it is also a covered entity under CERCLA—and thus may be liable for some of the recovery costs—but asserts that Boeing is nonetheless liable for most, if not all, of the recovery costs. (*See* 7/21/23 JSR at 2-3, 5.)

On April 25, 2023, the court denied Boeing's motion to dismiss, declining to find that the parties' contract or the statute of limitations barred the Government's action. (*See generally* 4/25/23 Order.) Boeing then timely answered the complaint and asserted the following affirmative defenses: (1) the Government owned and operated the site when the alleged contamination occurred; (2) Boeing is not a responsible party because there is no evidence the contaminant was disposed at the site while Boeing's predecessor operated there; and (3) to the extent Boeing is liable for any response costs, its liability is divisible and may be apportioned. (*See* Boeing Ans. (Dkt. # 48) at 8-9 ("Affirmative Defenses").) Boeing also asserted a counterclaim for contribution against the Government under CERCLA, 42 U.S.C. § 9613(f), alleging that equitable factors require allocating any recoverable response costs to the Government. (*Id.* at 9-22 ("Counterclaim"); 7/21/23 JSR at 3.)

The Government now asks the court to phase these proceedings as follows: Phase I would resolve whether Boeing is liable under CERCLA, whether the Government's action is timely, Boeing's divisibility defense, and Boeing's counterclaim for contribution, and; Phase II would address the extent of the Government's past CERCLA response costs and an equitable allocation of those costs, if any. (*See* Mot. at 2; Reply at 5 (clarifying that Boeing's defenses to liability and counterclaim should be resolved in

Phase I and not objecting to litigating the Government's costs in Phase II).) Boeing opposes the motion, contending that the proposed phasing is unprecedented, prejudicial to Boeing, and inefficient. (*See generally* Resp.) On reply, the Government concedes that the extent of the Government's past CERCLA response costs could be litigated in Phase II. (Reply at 5.)

### III.   ANALYSIS

Below, the court reviews the standard for granting a motion to phase or bifurcate proceedings before turning to the Government's motion and Boeing's arguments in opposition.

**A.   Legal Standard**

A district court's authority to phase or bifurcate proceedings comes from Federal Rule of Civil Procedure 42(b), which states, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues." Fed. R. Civ. P. 42(b). The decision to bifurcate damages issues from liability issues is in the sound discretion of the trial court. *See Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004). Courts weigh several factors, including convenience, prejudice, and judicial economy in determining whether to phase or bifurcate proceedings. *Bowoto v. Chevron Corp.*, No. C99-02506SI, 2008 WL 2074401, at *1 (N.D. Cal. May 15, 2008). Bifurcation is particularly appropriate when resolution of a single claim or issue could be dispositive of the entire case. *Karpenski v. Am. Gen. Life Cos., LLC*, 916 F. Supp. 2d 1188, 1190 (W.D. Wash. 2012); *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001) (noting bifurcation could "avoid[] a difficult

question by first dealing with an easier, dispositive issue"). Bifurcation is inappropriate where the issues are "so intertwined that separating them would create confusion to the trier of fact." *Karpenski*, 916 F. Supp. 2d at 1190 (citing *Miller v. Fairchild Indus., Inc.*, 885 F.2d 498, 511 (9th Cir. 1989)).

**B.      The Government's Motion**

The Government argues that phasing proceedings will ensure efficiency by allowing the parties to resolve threshold issues regarding liability before engaging in costly discovery regarding damages. (Mot. at 2.) If the liability phase (Phase I) is resolved in Boeing's favor, the Government contends, Phase II will be unnecessary and should therefore only proceed if the Government establishes Boeing's liability in Phase I. (*See id*.) The Government asserts that CERCLA litigation is often bifurcated into a liability phase and a damages or allocation phase. (Mot. at 3 (citing *Castaic Lake Water Agency v. Whittaker Corp.*, 272 F. Supp. 2d 1053, 1059, n.3 (C.D. Cal. 2003) and others).)

Boeing responds that the Government's proposal lacks precedent in a CERCLA case between only two parties and will prejudice Boeing. (*See generally* Resp.) But courts often split proceedings into liability and damages phases, even in the absence of the type of complexity Boeing describes, where the criteria for bifurcation are met. *See, e.g.*, *Karpenski*, 916 F. Supp. 2d at 1190; *Kalamazoo River Grp. v. Rockwell Int'l*, 107 F. Supp. 2d 817, 819 (W.D. Mich. 2000), *aff'd sub nom. Kalamazoo River Study Grp. v. Rockwell Int'l Corp.*, 274 F.3d 1043 (6th Cir. 2001); *United States v. Hardage*, 750 F. Supp. 1460, 1463 (W.D. Okla. 1990), *aff'd*, 982 F.2d 1436 (10th Cir. 1992). Boeing

argues that it will be prejudiced by the Government's proposed phasing, in relevant part, because it risks losing key witnesses and relevant evidence by delaying damages discovery.[4]  (Resp. at 10.)  The Government replies that Boeing could have sought to preserve witness testimony at any time during the parties' ten-year settlement discussions.  (Reply at 4 (noting that the Government voluntarily produced over 17,000 documents as part of those discussions).)  The court agrees with the Government that Boeing has had ample opportunity to preserve witness testimony.

Here, the court concludes that phasing proceedings would use court resources efficiently and is unlikely to either prejudice Boeing or create confusion.  *See Bowoto*, 2008 WL 2074401, at *1.  Phasing is especially appropriate here because resolution of a single issue—namely, Boeing's liability—could dispose of the entire case.  *See Karpenski*, 916 F. Supp. 2d at 1190.  Because the Government addresses most of Boeing's concerns regarding which issues belong in which phase (*see* Reply at 5, 9; *see also supra* n.4), Boeing is unlikely to suffer prejudice if the proceedings are phased, *see Miller*, 885 F.2d at 511.  Additionally, Boeing does not argue that splitting proceedings into liability and damages phases would confuse jurors or that the issues are otherwise so intertwined that bifurcation is inappropriate.  (*See* Resp.); *Miller*, 885 F.2d at 511.

---

[4] Boeing also argues that phasing will be prejudicial because the Government's proposal would frontload litigation against Boeing by delaying adjudication of Boeing's divisibility defense and contribution counterclaim until Phase II, and by allowing the Government to recover costs after Phase I before litigating the equitable allocation of such costs in Phase II.  (*See generally* Resp.)  The court need not address these arguments because, as noted above, the Government clarifies on reply that Boeing's defenses and counterclaims belong in Phase I, and concedes that the Government's costs may be addressed in Phase II.  (*See* Reply at 5, 9; *see also supra* § II.B.)  Boeing did not file a surreply.  (*See* Dkt.)

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS in part the Government's motion (Dkt. # 61) and ORDERS this matter to proceed as follows: Phase I will address whether Boeing is liable under CERCLA, whether the Government's action is timely, Boeing's defenses to liability, and Boeing's counterclaim for contribution; and Phase II will address the United States's costs and an equitable allocation thereof, if such a phase is necessary. The court further ORDERS the parties to jointly propose a scheduling order for Phase I that (1) is consistent with the Government's motion (*see id*. at 8-9); (2) identifies specific dates for each proposed deadline; and (3) includes an estimated length of trial. The parties must file their joint proposal by no later than **September 8, 2023**.

Dated this 31st day of August, 2023.

JAMES L. ROBART
United States District Judge