UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff /<br>　　　　Counter-Defendant,<br><br>　　v.<br><br>THE BOEING COMPANY,<br><br>　　　　Defendant /<br>　　　　Counter-Claimant. | CASE NO. C22-0485JLR<br><br>ORDER |

Before the court is the parties' joint motion for clarification of the court's August 31, 2023 order and for relief from a deadline. (Mot. (Dkt. # 65); *see also* 8/31/23 Order (Dkt. # 64).) In its August 31, 2023 order, the court granted in part Plaintiff/Counter-Defendant the United States of America's (the "Government") motion to phase proceedings, outlined the issues to be addressed in each phase, and ordered the parties to jointly propose a scheduling order for Phase I by no later than September 8,

ORDER - 1

2023.  (8/31/23 Order at 8.)  Relevant here, the court directed that Phase I will address Defendant/Counter-Claimant the Boeing Company's ("Boeing") divisibility defense and counterclaim for contribution, while Phase II will address equitable allocation of the Government's response costs.  (*Id.*)  The parties now jointly seek to clarify in which phase discovery relating to the Government's liability shall take place.  (Mot. at 1-3.)

The Government argues Boeing is not entitled to discovery regarding the Government's liability in Phase I.  (*Id.* at 2.)  Because the Government has stipulated generally that it "falls within one or more of the four categories of 'covered persons'" under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") Section 107(a)(1)-(4), 42 U.S.C. § 9607(a)(1)-(4), the Government argues discovery concerning its liability is relevant only to the equitable allocation of response costs, which will be addressed in Phase II.  (Mot. at 2; *see also* Joint Status Rep. (Dkt. # 52) at 5 (stipulation); 8/31/23 Order at 8.)  The Government further argues that Boeing's contribution claim is separate and distinct from Boeing's divisibility defense, and therefore discovery on the former is not relevant to the latter and would most appropriately be conducted during Phase II.  (Mot. at 2-3).  In contrast, Boeing argues the Government's stipulation does not obviate the need for discovery concerning the Government's liability in Phase I, particularly because Boeing intends to prove that the Government falls within a specific category of covered persons under CERCLA, 42 U.S.C. § 9607(a), namely as an "operator" and "arranger."  (Mot. at 3-4; *see also* Ans. to Counterclaim (Dkt. # 57) ¶ 100 (denying the Government is an operator or arranger within the meaning of CERCLA).)  Boeing also anticipates significant overlap between

the evidence supporting its divisibility defense and its counterclaim for contribution, such that bifurcating liability-related discovery into two phases would be inefficient and prejudicial.  (Mot. at 4.)  Finally, the parties seek relief from the September 8, 2023 deadline to propose a schedule for Phase I.  (*Id.* at 1; *see also* 8/31/23 Order at 8.)  The parties jointly move for an extension of time to propose a schedule for Phase I until one week after the court rules on the instant motion.  (Mot. at 1.)  Being fully advised, the court rules on the parties' joint motion as follows.

      First, Boeing shall be entitled to discovery regarding the Government's liability during Phase I.  The court finds that such discovery is necessary to permit Boeing to pursue its divisibility defense and contribution counterclaim, both of which will be addressed during Phase I.  (*See* 8/31/23 Order at 8.)  To succeed on a divisibility defense, Boeing must show that "two or more persons acting independently caused a distinct or single harm for which there is a reasonable basis for division."  *Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 588 (9th Cir. 2018) (internal quotation marks omitted).  Divisibility analysis is "intensely factual," and involves two steps.  *Id.* at 588-89.  The court first considers whether the environmental harm is theoretically capable of apportionment.  *Id.* at 588.  This is primarily a question of law, though underlying this question "are certain embedded factual questions that must necessarily be answered, such as what type of pollution is at issue, who contributed to that pollution, how the pollutant presents itself in the environment after discharge, and similar questions."  *Id.* at 588-89.  Second, "if the harm is theoretically capable of apportionment, the fact-finder determines whether the record provides a reasonable basis

ORDER - 3

on which to apportion liability for the divisible harm, which is purely a question of fact." *Id.* at 589 (internal quotation marks omitted). The defendant asserting the divisibility defense bears the burden of proof at both steps. *Id.* "The necessary showing requires a fact-intensive, site-specific assessment, generating concrete and specific evidence." *Id.* (internal quotation marks omitted). In short, Boeing must discover facts relating to the details and extent of the Government's involvement in the alleged contamination in order to mount a divisibility defense. Otherwise, Boeing cannot meet its burden of proof on divisibility.

Turning to Boeing's counterclaim, to successfully establish the Government's liability for contribution, Boeing must show, among other things, that the Government fits within one of the four classes of responsible parties outlined in CERCLA Section 107(a), 42 U.S.C. § 9607(a)(1)-(4). *Kaiser Aluminum & Chem. Corp. v. Catellus Dev. Corp.*, 976 F.2d 1338, 1340 (9th Cir. 1992); *see also* 42 U.S.C. § 9613(f)(1) ("Any person may seek contribution from any other person who is liable or potentially liable under section 9607(a) of this title . . . ."). Though the Government has stipulated that it falls within "one or more" of these categories (Joint Status Rep. at 5), Boeing argues discovery is necessary to determine which category of responsible party the Government falls into. (Mot. at 3-4; *see also* Joint Status Rep. at 6 (jointly identifying key legal and factual issues potentially subject to discovery, including "[w]hether the United States is liable as an owner and operator of Site 70" and "[w]hether the United States is liable as an arranger for the disposal of a hazardous substance").) Boeing claims the Government consistently argues in other actions that the category of responsible party "is central to the

determination of a fair allocation of cleanup costs." (Mot. at 4 (internal quotation marks omitted).) Published authority in this circuit supports the proposition that the category of responsible party can matter to the question of equitable allocation. *See TDY Holdings LLC v. United States*, 885 F.3d 1142, 1146-48 (9th Cir. 2017) (stating the district court has broad discretion to allocate costs based on equitable factors the court deems appropriate, and here, the district court properly considered that the government was not an "operator"). The court agrees with Boeing that discovery as to the Government's liability is necessary so that Boeing may seek to prove that the Government fits within a particular category of responsible party, which will form part of Boeing's prima facie case for contribution in Phase I. Though the court won't address equitable allocation until Phase II, if at all, the court shares Boeing's concern that the Government's proposed approach would result in one-sided phasing. Moreover, because of the significant overlap between evidence relating to the Government's cost recovery claim, Boeing's divisibility defense, and Boeing's contribution counterclaim, it would be inefficient to bifurcate liability-related discovery into separate phases. In sum, the court ORDERS that Boeing shall be entitled to discovery concerning the Government's liability during Phase I.

Second, the Court GRANTS the parties' joint motion for relief from the September 8, 2023 deadline and for an extension of time. The court further ORDERS the parties to jointly propose a scheduling order for Phase I that: (1) is consistent with the Government's motion to phase proceedings (Mot. (Dkt. # 61) at 8-9), except that the triggering event for each deadline shall be entry of the instant order, rather than the

court's order on phasing; (2) identifies specific dates for each proposed deadline; and (3) includes an estimated length of trial.  The parties must file their joint proposal by no later than **September 28, 2023**.

      Dated this 14th day of September.

JAMES L. ROBART
United States District Judge